DECISION
Before this Court is Defendant's Motion to Seal the records relating to the deferred sentence received in this case on March 4, 1996. Defendant, Anna M. Mathias, seeks this relief pursuant to G.L. 1956 § 12-19-19(c), as recently amended. The State objects, adopting its arguments set forth in a similar case decided contemporaneously herewith, State v. Joseph Warzycha, No. P1-2002-1291A. Specifically, the State adopts herein its arguments in State's Objection to Warzycha's Motion for Exoneration of and Sealing of a Deferred Sentence as well as the State's Surreply in Support of its Objection to Warzycha's Motion for Exoneration of and Sealing of a Deferred Sentence. In those memoranda, the State argues that the amendment to § 12-19-19 does not apply retroactively and that it violates the doctrine of separation of powers. For the reasons that follow, Defendant's Motion is denied.
On March 4, 1996, Defendant entered a plea of nolo contendere to one count of possession of a controlled substance, to wit, cocaine, and received a deferred sentence. At various times between November 1996 and October 2006, Mathias pled nolo contendere to four separate misdemeanor charges; she received one year probationary sentences in three of those cases and a fine on the fourth case. *Page 2 
On September 25, 2003, Defendant filed a pro se Motion to Expunge the five-year deferred sentence, asserting that she has successfully completed the five-year deferred sentence. The Office of Public Defender represented her on a hearing before Justice Susan McGuirl that was consolidated with a similar Motion to Expunge filed by James Briggs. Justice McGuirl denied the Motion to Expunge on May 5, 2004, and the matter was timely appealed to the Supreme Court. In its decision issued on November 16, 2007, the Supreme Court denied her appeal and affirmed the judgment of the Superior Court. See generally State v. Briggs,934 A.2d 811 (R.I 2007). Not only did the Supreme Court find that Defendant's Motion to Expunge was not timely filed under the applicable expungement statutory scheme, but also that she is not entitled to relief under the expungement statute because she is not a first time offender, as defined by § 12-1.3-1(3).Briggs, 934 A.2d at 819.
On August 24, 2010, Defendant filed her Motion to Seal pursuant to § 12-19-19(c), as amended on June 25, 2010.[1] Defendant argues that because she has complied with all of the terms and conditions of her written deferred-sentence agreement with the State, she is entitled to have the records in this criminal information sealed. The State has objected.
Following the State's initial objection in Warzycha, a briefing schedule was set to allow all interested parties to file memoranda with this Court, including this Defendant and other defendants in unrelated cases who likewise sought to have their records sealed pursuant to § 12-19-19(c) after successfully completing the terms of their deferred-sentence agreements. As the State had filed only its memorandum in Warzycha
on September 17, 2010, but had not specifically objected in writing to other defendants' Motions to Seal, including this Defendant. *Page 3 
This Court notified all counsel of record on the various Motions to Seal that any additional memorandum on the respective positions of the State and defense counsel would be accepted up until the close of business on November 1, 2010. Through such correspondence dated October 25, 2010, this Court advised Defendant's counsel to "be prepared to address in writing or on the record on November 5 the issue of separation of powers as it applies to your two clients who were previously denied relief by the Supreme Court." This Court also notified all counsel that oral argument would be conducted on November 5, 2010, with decisions to be issued on November 12, 2010. The Court did, in fact, conduct oral argument on November 5, 2010, and decisions in each case in which counsel argued before this Court have been contemporaneously filed herewith.
Defendant's counsel filed a memorandum in support of her Motion to Seal. In addition to legal arguments, Defendant also provided a letter dated April 5, 2004, to the former Presiding Justice of the Superior Court indicating that she is unable to obtain gainful employment because of her criminal record. Defendant's arguments have been addressed in this Court's decision in Warzycha and need not be restated herein.
For all the reasons set forth in this Court's decision inWarzycha, which is incorporated by reference herein, this Court finds that § 12-19-19, as amended in its entirety, does not apply retroactively because it contains no express language or necessary implication that it is intended to apply retroactively, and because it creates substantive rights that can only be applied prospectively. Further, even if § 12-19-19 did apply retroactively, it would constitute an exercise of judicial power by the Legislature in violation of the separation of powers doctrine. Accordingly, Defendant's Motion to Seal pursuant to § 12-19-19(c) is denied.
[1] Two substantially similar bills amending § 12-19-19 were passed by the General Assembly in the 2010 legislative session.See 2010 P.L. Ch. 128 (S2646A); 2010 P.L. Ch. 256 (H7923). The Senate version, codified at 2010 P.L. Ch. 128 was enacted on June 25, 2010, prior to the July 1, 2010 enactment of H7923. For purposes of this Decision, the June 25, 2010 date of enactment is used herein.